### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

SHARON SMITH, ETIENNE PIERRE, and WILLIE
WASHINGTON, on behalf of themselves and all
similarly situated,

     Plaintiffs,

vs.                                                                                    Case No. _____

SHUTTLE SERVICES M.I.A., INC., a Florida
corporation, and FIRST TRANSIT, INC., a Delaware
corporation,

     Defendants.

_____/

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Shuttle Services M.I.A., Inc. and First Transit, Inc. ("Defendants") hereby remove to this Court the state court action described below pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  This Court has jurisdiction over said action on the basis of the Class Action Fairness Act ("CAFA").  In support of this Notice of Removal, Defendants state the following:

## BACKGROUND

1.	This is a putative class action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled SHARON SMITH, ETIENNE PIERRE, and WILLIE WASHINGTON, on behalf of themselves and all similarly situated, vs. SHUTTLE SERVICES M.I.A., INC., a Florida corporation, and FIRST TRANSIT, INC., a Delaware corporation.

2.	This action was originally commenced by its filing in state court on February 25, 2016.  That Complaint sought certification of a class pursuant only to Fla. R. Civ. P. 1.220(b)(2).

The only possible relief the putative class could obtain pursuant to that rule was an injunction.[1] There was no legally permissible claim for damages.  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61 (2011) (stating that the federal equivalent of Rule 1.220(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages").

3.      Plaintiffs have subsequently prepared an Amended (By Interlineation) Class Action Complaint ("Amended Complaint") seeking certification of a class pursuant to Fla. R. Civ. P. 1.220(b)(1) or, alternatively, 1.220(b)(3).  Am. Compl. ¶ 17.[2]

4.      Copies of all other process, pleading, and orders form the state court action are attached hereto as composite Exhibit A pursuant to 28 U.S.C. § 1446(a).

5.      Section 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Venue in this Court is proper under 28 U.S.C. § 1441(a) and Local Rule 3.1 because (i) this action is being removed from the state court in which it was originally filed, the Circuit Court of the Eleventh Judicial Circuit in and for Miami-

---

[1] Rule 1.220(b)(2) provides that a claim may be maintained on behalf of a class if, *inter alia*, "the party opposing the class has acted or refused to act on grounds generally applicable to all the members of the class, thereby making ***final injunctive relief or declaratory relief*** concerning the class as a whole appropriate."  Fla. R. Civ. P. 1.220 (emphasis added); *see also Freedom Life Ins. Co. of Am. v. Wallant*, 891 So. 2d 1109, 1117 (Fla. 4th DCA 2004) (stating that "(b)(2) certification does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages") (internal quotation marks and citation omitted).

[2] Plaintiffs have provided a Motion to Amend their Class Complaint along with a draft Agreed Order, which deems the Amended Complaint filed as of the date of that Order. Defendants have no objection to such amendment.  These pleadings have also been attached as Exhibit B.

Dade County, Florida, which sits within the Southern District of Florida, and (ii) the Complaint alleges that the cause of action accrued in Miami-Dade County, Florida.  *See* Am. Compl. ¶ 3.

## I.     THIS COURT HAS JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT ("CAFA")

6.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d), the codification of CAFA.

7.     CAFA confers jurisdiction on federal district courts over class actions in which: (1) any plaintiff class member is diverse in citizenship from any defendant; (2) there are at least 100 proposed plaintiff class members; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446.

8.     As a threshold matter, this action is a proposed "class action" as defined by CAFA because it is a case brought by a representative of a putative class and was filed in state court pursuant to a statute or rule authorizing such a class.  *See* 28 U.S.C. § 1332(d)(1)(B).[3] Specifically, Plaintiffs now bring their claims under Florida Rule of Civil Procedure 1.220(b)(1) or, alternatively, 1.220(b)(3), which authorize class actions, and represent that they bring this lawsuit against Defendants "on behalf of themselves and a class consisting of Defendants' drivers and those riders of the Employee and Public Remote Parking Lot Shuttle Buses at Miami International Airport."  Am. Compl. ¶ 13.  The Plaintiffs seek class certification pursuant to Rule 1.220(b)(1) or 1.220(b)(3), declaratory relief, actual damages, liquidated damages, punitive damages, service/incentive awards, and attorneys' fees and costs.  *See id.* ¶ 17 & pp. 10-11 ("Prayer for Relief").

---

[3] "[T]he term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  *Id.*

9.      As demonstrated below, all of the remaining requirements for CAFA jurisdiction are met here.  Further, to the extent there is any doubt whether the CAFA requirements are met, it is clear from both Supreme Court precedent and CAFA's legislative history that such doubts should be resolved in favor of federal jurisdiction.  *See, e.g.*, *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (stating that "no anti-removal presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court"); S. Rep. 109-14, at 43 (2005) ("Overall, [CAFA] is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."); *id.* at 35 (explaining that the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications").  Indeed, the Eleventh Circuit has recognized that, in light of the Supreme Court's holding in *Dart*, courts "may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions."  *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

### A.      CAFA's Diversity-of-Citizenship Requirement Is Satisfied.

10.      Under CAFA, the requisite diversity of citizenship is satisfied so long as there is "minimal diversity," which exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A); *see also Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (stating that "[u]nder CAFA, federal courts now have original jurisdiction over class actions in which . . . there is minimal diversity (at least one plaintiff and one defendant are from different states)").

11.      Here, the named Plaintiffs are alleged to be citizens of Florida.  *See* Am. Compl. ¶ 4.

12.     First Transit, Inc. is incorporated in the state of Delaware and maintains its headquarters and principal place of business in Cincinnati, Ohio.  *See* Am. Compl. ¶ 8; Declaration of Michael Petrucci ("Petrucci Decl.") ¶¶ 2-3, attached hereto as Exhibit C.  It is therefore a citizen of a state other than Florida.  *See* 28 U.S.C. § 1332(c)(1).

13.     Shuttle Services M.I.A., Inc. is incorporated and maintains its principal place of business in Florida.  *See* Am. Compl. ¶ 7; Petrucci Decl. ¶ 4  It is therefore a citizen of Florida.

14.     In light of the Plaintiffs' Florida citizenships and First Transit, Inc.'s citizenship of a state other than Florida, CAFA's minimal diversity requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(2).

**B.      The Putative Class Consists Of More Than 100 Members.**

15.     Although Defendants do not concede that Plaintiffs have defined a proper class or that a class can be defined or maintained or its members ascertained, Plaintiffs' Complaint alleges that the proposed class "is in excess of thousands" (Am. Compl. ¶ 16), thus satisfying the numerosity requirement of 28 U.S.C. § 1332(d)(5)(B). *See Murray v. Midland Funding, LLC*, 2015 WL 3874635, at *2 (D. Md. June 23, 2015) (finding that CAFA jurisdiction existed where, among other things, the "complaint adequately allege[d] numerosity to permit a conclusion that the total plaintiff class members easily exceed 100 in number"); *Murray v. DirecTV, Inc.*, 2013 WL 12131736, at *2 (C.D. Cal. July 23, 2013) (finding that the numerosity requirement was satisfied because the complaint alleged that "more than 57,000 persons" were putative class members and, thus, "it [wa]s apparent on the face of the [complaint] that there [we]re over 100 putative class members").

### C.    CAFA's Amount-In-Controversy Requirement Is Satisfied.

16.    Under CAFA, the claims of the individual, putative class members are aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest or costs. *See* 28 U.S.C. § 1332(d)(6).  The amount in controversy is not the amount the plaintiffs are likely to recover, but rather "'an estimate of the amount that will be put at issue in the course of the litigation.'" *Dudley*, 778 F.3d at 913 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554; *see also Pretka*, 608 F.3d at 754 ("[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.").

17.    In addition to unspecified actual and punitive damages, Plaintiffs seek damages for a period of one year pursuant to Fla. Stat. §934.10(1)(b) at the minimum rate of $100 per day. *See* Am. Compl. ¶ 17(c) & pp. 10-11, ¶ F ("Prayer for Relief").[4]  Conservatively assuming there are only 1,000 (as opposed to the "thousands" alleged) putative class members,[5] the total damages claimed amount to $36,500,000.[6]  *See Cappuccitti v. DiNecTV, Inc.*, 623 F.3d 1118, 1122-23 n.7 (11th Cir. 2010) (using "simple arithmetic" to conclude that the complaint's

---

[4] Section 934.10 allows "[a]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of ss. 934.03-934.09" to recover, *inter alia*, "[a]ctual damages, but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher." Fla. Stat. § 934.10(1).

[5] Plaintiffs allege that the number of putative class members "is in excess of thousands." Am. Compl. ¶ 16.

[6] Even in the *unlikely* scenario that those 1,000 riders only road the shuttle one time each week (as opposed to the more likely scenario that each of the alleged "thousands" of putative class members road the shuttle on multiple work days each week), the amount in controversy would still exceed the $5 million CAFA threshold (e.g., 1,000 riders x 52 rides x $100 in liquidated damages = $5,200,000).

allegations satisfied CAFA's jurisdictional requirements); *see also Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (noting that "a removing defendant is somewhat constrained by the plaintiff" and explaining it is appropriate for defendant's allegations as to the amount in controversy to rely on "reasonable estimates, inferences, and deductions").

18.     Although Defendants believe that they will establish that they do not have any liability to Plaintiffs or to any putative class member, it is clear from the Amended Complaint and Plaintiffs' class allegations that the amount in controversy exceeds $5,000,000.

## II.     PROCEDURAL REQUIREMENTS AND TIMELINESS OF REMOVAL

19.     Removal of this case to the U.S. District Court on the basis of CAFA jurisdiction is timely and permissible.

20.     28 U.S.C. § 1453(b) makes clear that "the 1-year limitation [on removing diversity cases to a U.S. district court] under section 1446(c)(1)" does not apply to class actions. 28 U.S.C. § 1453(b).  Rather, "under CAFA, class actions may be removed at *any* point during the pendency of litigation in state court, so long as removal is initiated within thirty days after the defendant is put on notice that a case which was not removable based on the face of the complaint has become removable."  *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (citation omitted; emphasis in original).

21.     The policy underlying this procedure is sound:  "Any other reading of §§ 1332 and 1453 would thwart clear congressional intent by permitting plaintiffs to evade federal jurisdiction through clever gamesmanship: filing an individual complaint in state court, waiting a year, then transforming the original complaint into a class action by amendment, when it would be too late for a defendant, now facing a class action, to file a notice of removal."  *Reece*, 760 F.3d at 776.

22.     Applying that policy to this case, removal under CAFA is appropriate.  Plaintiffs'
original complaint sought certification under Fla. R. Civ. P. 1.220(b)(2).  It is not disputed that
Rule 1.220(b)(2), pursuant to which Plaintiffs originally sought relief, primarily governs
declaratory and injunctive relief.  As the original Complaint was framed, Plaintiffs could not
have recovered on behalf of the putative (b)(2) class the substantial actual, liquidated, and
punitive damages that are now at stake in the Amended Complaint.  *See Wal-Mart Stores, Inc. v.
Dukes*, 564 U.S. 338, 360-61 (2011); *Freedom Life Ins. Co. of Am. v. Wallant*, 891 So. 2d 1109,
1117 (Fla. 4th DCA 2004) ("(b)(2) certification does not extend to cases in which the appropriate
final relief relates exclusively or predominantly to money damages").[7]  Plaintiffs now seek
certification in the Amended Complaint pursuant to Rule 1.220(b)(1) or, alternatively,
1.220(b)(3), which (although Defendants believe they do not have any liability to Plaintiffs or to
any putative class member) make Plaintiffs' recovery of the damages sought feasible for the first
time.  Accordingly, under the provisions of CAFA, this removal was timely effected within 30
days of Plaintiffs' allegations rendering this action removable.

23.     Contemporaneously with the filing of this Notice of Removal, written notice has
been served upon the Plaintiffs through their counsel of record and a copy of this Notice of
Removal has been filed with the Circuit Court for Miami-Dade County, Florida.

## RESERVATION OF DEFENSES

24.     Nothing in this Notice of Removal shall be interpreted as a relinquishment of
Defendants' right to assert any defense or affirmative matter.

25.     Defendants reserve the right to amend this Notice of Removal.

---

[7] Damages now sought by Plaintiffs under Fla. Stat. § 934.10(1)(b) are "determined on a claimant-by-claimant basis" and are not merely "incidental to injunctive relief."  *Stalley v. ADS All. Data Sys., Inc.*, 296 F.R.D. 670, 684 (M.D. Fla. 2013).

Dated:  September 4, 2018

Respectfully submitted,

CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower, Suite 4200
100 S.E. Second Street
Miami, Florida 33131
Telephone:  (305) 530-0050
Facsimile:  (305) 530-0055
Email: breid@carltonfields.com
           erocco@carltonfields.com


By: /s/ *Benjamine Reid*
        Benjamine Reid
        Fla. Bar No. 183522

-and-

Elaine Johnson James
Elaine Johnson James, P.A.
P.O. Box 31512
Palm Beach Gardens, FL  33420-1512
Telephone (561) 245-1144
Facsimile:  (561) 244-9580
Email:  ejames@elainejohnsonjames.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was filed on September 4, 2018 with the Clerk of Court by using the CM/ECF system, which system served all counsel or parties of record, and that a true and correct copy of the foregoing was served via electronic mail and by U.S. Mail, first-class postage prepaid, to all counsel or parties on the Service List below.

By: /s/ *Benjamine Reid*
Benjamine Reid, Esq.
Florida Bar No.   183522

## SERVICE LIST

Gregg I. Shavitz, Esq.
Alan L. Quiles, Esq.
Logan A. Pardell, Esq.
Shavitz Law Group, P.A.
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Phone: 561-447-8888
Fax: 561-447-8831
gshavitz@shavitzlaw.com
aquiles@shavitzlaw.com
lpardell@shavitzlaw.com
calendaring@shavitzlaw.com

Michael Pancier, Esq.
Law Offices of Michael A. Pancier
9000 Sheridan Street, Suite 93
Pembroke Pines, Florida 33024
Phone: 954-862-2217
Fax: 954-862-2287
mpancier@pancierlaw.com

115419296.4