UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 1:18-23610-CIV-MARTINEZ-OTAZO-REYES

SHARON SMITH, ETIENNE PIERRE, and
WILLIE WASHINGTON, on behalf of
themselves and all similarly situated,

      Plaintiffs,
v.

SHUTTLE SERVICE MIA, INC., a Florida
corporation, And FIRST TRANSIT, INC., a
Delaware corporation,

      Defendants.
_____/

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs, SHARON SMITH, ETIENNE PIERRE, and WILLIE WASHINGTON, by and through their undersigned counsel, on behalf of themselves and all similarly situated, hereby sue the Defendants, SHUTTLE SERVICE MIA, INC., a Florida corporation, and FIRST TRANSIT, INC., a Delaware corporation, and for their cause of action declare and aver as follows:

### INTRODUCTION

1.      Plaintiffs bring the instant action on behalf of themselves and all similarly situated against Defendants for violations of the Florida Security of Communications Act, Chapter 934, Florida Statutes, as a result of the Defendants' unlawful monitoring, interception and recording of Plaintiffs' private communications who either as drivers or riders on Defendants' vehicles have had their private conversations and communicated recorded and stored by Defendants without advising or warning them as required by Florida law.

1

## JURISDICTION AND VENUE

2. This claim was originally filed in the Florida 11th Judicial Circuit Court an and for Miami-Dade County, Florida.

3. Defendants removed this action to this Court on September 4, 2018 [D.E. 1].

4. Plaintiffs dispute this Court's jurisdiction over this matter and filed a Motion to remand this matter to the Florida Circuit Court [D.E. 11], which this Court subsequently denied [D.E. 23].

5. Plaintiffs bring this claim for equitable relief and monetary relief in excess of $15,000.00.

6. The unlawful practices occurred in Miami-Dade County.

## **PARTIES**

7. Plaintiffs, SMITH and PIERRE, are citizens of Miami-Dade County, Florida, over the age of 18 years, and are otherwise *sui juris*.

8. At all times material hereto, Plaintiffs SMITH and PIERRE were employees of Defendants, working as shuttle bus drivers.

9. Plaintiff, WASHINGTON, is a citizen of Broward County, Florida and works in Miami-Dade County, Florida at Miami International Airport. Plaintiff, WASHINGTON, is over the age of 18 years, and is otherwise *sui juris*.

10. At all times material hereto, Defendant, SHUTTLE SERVICE MIA, INC., was a Florida corporation, doing business in Miami Dade County, Florida.

11. At all times material hereto, Defendant, FIRST TRANSIT, INC., was a Delaware corporation, doing business in Miami Dade County, Florida.

12. At all times material hereto, Defendant, SHUTTLE SERVICE MIA, INC., was a wholly owned subsidiary of Defendant, FIRST TRANSIT, INC.

13. At all times material hereto, Defendant, FIRST TRANSIT, INC., was and continues to be a leading provider of passenger transportation contract and management services in the United States.

14. At all times material hereto, the Defendants have contracted with the Miami-Dade Aviation Department to manage and operate the Employee Remote Parking Lot Shuttle Bus Service at Miami International Airport.

15. During all times relevant to the claims alleged the Shuttle Bus Services was operated twenty-four hours per day, Monday through Friday, and upon information and belief, for some hours on Saturdays and Sundays, for the employees of the County, airlines, and various companies, including vendors, conducting business at the Airport.

## CLASS REPRESENTATION ALLEGATIONS

16. Plaintiffs bring this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class consisting of Defendants' drivers and those riders of the Employee Remote Parking Lot Shuttle Buses at Miami International Airport who worked for the County, the airlines, and various companies, including vendors, conducting business at the Airport (the "Shuttle Riding Class" or "Class").

17. On information and belief, the Shuttle Riding Class are employees of the County, airlines, and various companies, including vendors conducting business at the airport, and more than two-thirds of the Class are citizens of the state of Florida.

18. The Plaintiffs' claims involve questions of law and fact that are common to each member of the Shuttle Riding Class. Among the questions of law and fact common to Plaintiffs and the members of the Class are:

    a. Whether the actions of the Defendants in monitoring, recording, and storage of oral communication of Plaintiffs and members of the Shuttle Riding Class violate the Florida Security of Communications Act, Chapter 934, Florida Statutes;

    b. Whether the actions of the Defendants in failing to advise the Shuttle Riding Class that their oral communications are subject to being monitored, recorded, and stored violate the Florida Security of Communications Act, Chapter 934, Florida Statutes;

    c. Whether the Plaintiffs and members of the Shuttle Riding Class have a reasonable expectation of privacy that their oral communications are not being intercepted, recorded, and stored by the Defendants;

    d. Whether the Defendants have the legal right and authority to intercept, record, and store the oral communications of the Shuttle Riding Class; and

    e. Whether the Plaintiffs and members of the Shuttle Riding Class are entitled to actual, statutory, and punitive damages for the conduct of the Defendants.

19. The Plaintiffs' claims are typical of the claims of the members of the Shuttle Riding Class because the Plaintiffs and members of the Class are all subject to the Defendants' intentional, illegal and unauthorized interception of oral communications that take place on the shuttle buses it operates at Miami International Airport. The Plaintiffs and the members of the Shuttle Riding Class have and will continue to sustain similar damages as a result of the actions of the Defendants.

20. The approximate number of Shuttle Riding Class members for the Material Period, as defined herein, is in excess of thousands. The Plaintiffs will fairly and adequately protect and represent the interests of the members of the Class because Plaintiffs' interests are

fully aligned with the interests of the Class members. The Plaintiffs have retained counsel sufficiently experienced in the litigation of claims such as in this action and who have no conflict of interest with other Class members in the maintenance of this Class action. The Plaintiffs will vigorously pursue the claims of the Class.

21. The particular facts and circumstances that support maintenance of this action as a class action pursuant to Rule 23 are:

a. The Defendants have acted on grounds which violate the Florida Security of Communications Act, Chapter 934, Florida Statutes, in that every member of the Shuttle Riding Class has had their oral communications intercepted on a daily basis with equipment in the care, custody, and control of the Defendants, and that the members of the Class have not and are not being advised of this deprivation of their rights under Florida law.

b. The Plaintiffs and members of the Shuttle Riding Class are entitled to actual damages and/or statutory damages, and punitive damages pursuant to §§ 934.03-934.09, Florida Statutes.

c. The monies sought to be paid to members of the Shuttle Riding Class are equal to "[a]ctual damages, but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher." Accordingly, the cost of administering the recovery of funds on behalf of individual members of the Class will be minimized.

## STATEMENT OF FACTS

22. Plaintiff SMITH was hired as a driver for the Defendants in February of 2002.

23. Plaintiff PIERRE was hired as a driver for the Defendants in February of 1999.

24. During the Material Period, as defined herein, Plaintiffs SMITH and PIERRE drove 28-passenger buses, shuttling members of the Shuttle Riding Class between the parking lots adjacent to Miami International Airport and the Miami Airport terminals.

25. Plaintiff WASHINGTON has been an employee at Miami International Airport and for the last seven years, up through the Spring of 2014, has ridden the Defendants' buses between the Airport parking lot and the main terminal.

5

26. In April of 2014, Plaintiffs SMITH and PIERRE first became aware that the Defendants were monitoring and recording all oral communications on the buses.

27. Shortly thereafter, Plaintiff WASHINGTON, as an airport employee, also became aware that the Defendants were monitoring and recording all oral communications on the buses.

28. Defendants misled the Plaintiffs and members of the Shuttle Riding Class into believing that they had a reasonable expectation of privacy on the buses, as all of the signs posted on the buses merely advised the Shuttle Riding Class that they were subject to **video** monitoring **only**.

29. Defendants' signage failed to advise the members of the Shuttle Riding Class that Defendants also were intercepting, recording and storing their **oral** communications. Indeed, the signage indicating only video monitoring gave the clear impression to the members of the Shuttle Riding Class that Defendants were not recording their oral communications.

30. When the Defendants' unlawful interception, recording and storage of the oral communications of Plaintiffs and the members of the Shuttle Riding Class the Defendants revised their signage on the buses in or about May 2014 to advise all riders that they were both being subjected to video **and** audio monitoring.

31. On or about May 18, 2015, the Parties entered into a Tolling Agreement, whereby the claims of Plaintiffs and the Shuttle Riding Class were tolled through the date of the filing of the original Complaint in the Florida state court proceeding.

32. Thus, the Material Period for the claims alleged herein is May 18, 2013 to approximately May 2014, or the date when Defendants changed their signage to indicate that they were conducting both video and audio recording of the communications of the Shuttle Riding Class.

33. During the Material Period, the Defendants' surreptitious audio microphones unlawfully intercepted and recorded the Plaintiffs and the members of the Shuttle Rider Class when they engaged in private conversations while driving and riding on the bus and on their phone calls, as well as when the Plaintiff drivers used their cell phones during idle and break time when they were not driving.

34. Furthermore, because the Defendants are under contract with Miami Dade Transit, all of the recordings of all oral communications that Defendants have intercepted during the Material Period are public records under Chapter 119, Florida Statutes, and are subject to public disclosure and records requests.

35. During the Material Period, the Plaintiffs and all members of the Shuttle Riding Class had a reasonable expectation of privacy such that their **oral** conversations, including telephonic communications, and the contents thereof, were **not** subject to interception by electronic or other means or otherwise being recorded, stored, and shared with any third person without their consent.

36. Upon information and belief, during the Material Period, the Defendants possessed in their care, custody, and control, the unauthorized electronic interception alleged herein.

37. During the Material Period, any and all oral communications which occurred on Defendants' buses constitute a wire and oral communication within the meaning of Florida Statutes § 934.02(1)-(2).

38. During the Material Period, Plaintiffs, were and continue to be "aggrieved person[s]" within the meaning of Florida Statutes § 934.02(9).

39. During the Material Period, all members of the Shuttle Riding Class, by virtue of Defendants' failure to advise them that their conversations were being monitored and recorded are likewise "aggrieved person[s]" within the meaning of Florida Statutes § 934.02(9).

40. Plaintiffs have retained the Law Firm of Michael A. Pancier, PA and the Shavitz Law Group, P.A. and have agreed to pay the firms a reasonable fee for their services.

## STATEMENT OF CLAIMS

## COUNT I – VIOLATION OF FLA. STAT. § 934.10 - Individual Claims

41. Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully set forth herein.

42. Florida Statute § 934.03(1) provides: "[A]ny person who . . . intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication . . . is guilty of a felony of the third degree." Likewise, Florida Statute § 934.10 provides:

> (1) Any person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of §§ 934.03-934.09 shall have a civil cause of action against any person or entity who intercepts, discloses, or uses, or procures any other person or entity to intercept, disclose, or use, such communications and shall be entitled to recover from any such person or entity which engaged in that violation such relief as may be appropriate.

43. By and through its above-referenced conduct, Defendants violated the Florida Security of Communications Act.

44. As a direct and proximate result of Defendants' unlawful actions, Plaintiffs are entitled to actual damages plus statutory liquidated damages of $ 100.00 per day or $1,000.00 (whichever is greater) during the Material Period against each Defendant, jointly and severally.

45. Defendants' actions were willful and wonton in full disregard of Plaintiffs' rights under the Florida Security of Communications Act.

46. Plaintiffs are entitled to an award of attorneys' fees and costs of litigation pursuant to Florida Statutes §934.10(1)(d).

**WHEREFORE**, Plaintiffs SHARON SMITH, ETIENNE PIERRE, and WILLIE WASHINGTON, demand judgment against Defendants, SHUTTLE SERVICE MIA, INC., and FIRST TRANSIT, INC., jointly and severally, as follows:

A. Declaratory relief that the conduct of the Defendants complained of herein is in violation of the Florida Security of Communications Act;

B. Actual damages;

C. Liquidated statutory damages pursuant to Florida Statutes § 934.10(1)(b) computed at the rate of $ 100.00 per day or $1,000.00 (whichever is greater) during the Material Period against each Defendant, jointly and severally, for violations of the Florida Security of Communications Act;

D. Punitive Damages pursuant to Florida Statutes § 934.10(1)(c);

E. Attorneys' fees and costs of litigation pursuant to Florida Statutes §934.10(1)(d); and

F. Any other relief that the Court deems just and proper.

**COUNT II –VIOLATION OF FLA. STAT. § 934.10 - CLASS ALLEGATIONS**

47. Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully set forth herein.

48. Florida Statute § 934.03(1) provides: "[A]ny person who . . . intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication . . . is guilty of a felony of the third degree." Likewise, Florida Statute § 934.10 provides:

(1)     Any person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of §§ 934.03-934.09 shall have a civil cause of action against any person or entity who intercepts, discloses, or uses, or procures any other person or entity to intercept, disclose, or use, such communications and shall be entitled to recover from any such person or entity which engaged in that violation such relief as may be appropriate.

49.     As a direct and proximate result of Defendants' unlawful actions, all members of the class are entitled to actual damages plus statutory liquidated damages of $100.00 per day or $1,000.00 (whichever is greater) during the Material Period against each Defendant, jointly and severally.

50.     Defendants' actions were willful and wonton in full disregard of the Shuttle Riding Class members' rights under the Florida Security of Communications Act.

51.     The Plaintiffs' class is entitled to an award of attorneys' fees and costs of litigation pursuant to Florida Statutes §934.10(1)(d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the Shuttle Riding Class all members of the aforementioned class Plaintiffs demand judgment against Defendants, SHUTTLE SERVICE MIA, INC., and FIRST TRANSIT, INC., jointly and severally, and request the Court for the following:

A.     Certification of the Shuttle Riding Class pursuant to Rule 23 of Federal Rules of Civil Procedure;

B.     Appointment of Plaintiffs as Class Representatives;

C.     Appointment of Michael Pancier, P.A. and Shavitz Law Group, P.A. as Class Counsel;

D.     Entry of declaratory relief that the conduct of the Defendants constitutes a conspiracy to violate the Florida Security of Communications Act;

E.      Award of actual damages;

F.      Award of liquidated statutory damages pursuant to Florida Statutes § 934.10(1)(b) computed at the rate of $ 100.00 per day or $1,000.00 (whichever is greater) during the Material Period against each Defendant, jointly and severally; for violations of the Florida Security of Communications Act;

G.      Award of punitive Damages pursuant to Florida Statutes § 934.10(1)(c);

H.      Award of service/incentive awards to the Class Representatives;

I.      Award of attorneys' fees and costs of litigation pursuant to Florida Statutes §934.10(1)(d); and

J.      Any other relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all claims so triable.

Dated: May 17, 2019              Respectfully submitted,

/s/ Gregg I. Shavitz_____
Gregg I. Shavitz
Florida Bar No. 11398
Alan L. Quiles
Florida Bar No. 62431
SHAVITZ LAW GROUP, P.A.
1515 South Federal Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: 561-447-8888
Facsimile: 561-447-8831
Email: gshavitz@shavitzlaw.com

Michael A. Pancier, Esq.
Fla. Bar No. 958484
LAW OFFICES OF MICHAEL A. PANCIER, P.A.
9000 Sheridan Street, Ste 93
Pembroke Pines, FL 33024
Tel: 954-862-2217
Fax: 954-862-2287
Email: mpancier@pancierlaw.com

Attorneys for Plaintiffs

**<u>CERTIFICATE OF SERVICE</u>**

   I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on May 17, 2019. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

Elaine Johnson James
Elaine Johnson James, P.A.
ejames@elainejohnsonjames.com
ejjames50@icloud.com
Attorneys for Defendants

CARLTON FIELDS JORDEN BURT, P.A.
Benjamine Reid
breid@carltonfields.com
erocco@carltonfields.com
miaecf@cfdom.com
Attorneys for Defendants